J-S38035-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEITH B. COX | : | |
| | : | |
| Appellant | : | No. 352 EDA 2025 |

Appeal from the PCRA Order Entered January 3, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0109501-1995

BEFORE: McLAUGHLIN, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED JANUARY 6, 2026**

Appellant, Keith B. Cox, appeals *pro se* from the post-conviction court's January 3, 2025 order dismissing, as untimely, his fourth petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

This Court previously summarized the pertinent facts and procedural history of Cox's case, as follows:

> [Cox] was arrested and subsequently charged in connection with the fatal shootings of two drug dealers in 1988. After fleeing to Canada, [Cox] was arrested for a minor offense and subsequently returned to Philadelphia in 1994. On February 28, 1996, following a jury trial…, [Cox] was convicted of two counts of first-degree murder, two counts of robbery, and one count each of conspiracy and possession of an instrument of crime. The trial court immediately sentenced [Cox] to the mandatory term of life imprisonment for both murder convictions. On June 17, 1996, the trial court sentenced [Cox] to an aggregate[,] consecutive term of ten to thirty years' imprisonment for the remaining convictions. Following a direct appeal, the Superior Court affirmed the

judgment of sentence on July 10, 1997. [**See Commonwealth v. Cox**, 701 A.2d 775 (Pa. Super. 1997) (unpublished memorandum).] The Pennsylvania Supreme Court denied *allocatur* on February 23, 1998. [**Commonwealth v. Cox**, 716 A.2d 1247 (Pa. 1998).]

On March 2, 1999, [Cox] filed his first *pro se* PCRA petition. Counsel was appointed[,] who subsequently filed a **Turner/Finley** "no-merit" letter.[1] The PCRA court denied relief on February 19, 2003. On September 30, 2008, the Superior Court affirmed the PCRA court's denial of post-conviction relief. [**See Commonwealth v. Cox**, 964 A.2d 936 (Pa. Super. 2008) (unpublished memorandum).] The Pennsylvania Supreme Court thereafter denied *allocatur*. [**See Commonwealth v. Cox**, 983 A.2d 1247 (Pa. 2009).]

On October 4, 2016, [Cox] filed [another] *pro se* PCRA petition, his second. [Cox] also submitted numerous supplemental filings[,] which were reviewed jointly with his petition. Pursuant to Pennsylvania Rule of Criminal Procedure 907, [Cox] was served notice of the PCRA court's intention to dismiss his petition on July 6, 2017. [Cox] submitted responses to the Rule 907 notice on July 21 and September 26, 2017. On October 3, 2017, the PCRA court dismissed his PCRA petition as untimely. On October 18, 2017, [a] notice of appeal was timely filed to the Superior Court.

**Commonwealth v. Cox**, No. 3570 EDA 2017, unpublished memorandum at 1-2 (Pa. Super. filed Nov. 5, 2018) (citation to the record omitted). On November 5, 2018, this Court affirmed the dismissal of Cox's second PCRA petition on the basis that it was untimely, and met no timeliness exception. **See id.** at 6. On April 23, 2019, our Supreme Court denied his petition for permission to appeal. **See Commonwealth v. Cox**, 207 A.3d 291 (Pa. 2019).

_____

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Cox thereafter filed a *pro se* petition for writ of *habeas corpus* that was treated as his third PCRA petition. That petition was dismissed on September 1, 2023. Cox did not file an appeal of this decision in the Superior Court. On September 12, 2023, Cox filed his fourth *pro se* PCRA petition, which underlies his instant appeal.[2] Cox also filed numerous, *pro se* supplements to his petition, all without seeking or being granted leave of court to do so. **See** Pa.R.Crim.P. 905(A) ("The judge **may grant** leave to amend or withdraw a petition for post-conviction collateral relief at any time.") (emphasis added); **see also Commonwealth v. Mason**, 130 A.3d 601, 627 (Pa. 2015) (directing that a petitioner must seek leave of court to amend a petition; claims raised in an unauthorized amended petition are waived). Our Supreme Court has instructed that PCRA amendments are not "self-authorizing, *i.e.*, [] a petitioner may [not] simply 'amend' a pending petition with a supplemental pleading." **Commonwealth v. Porter**, 35 A.3d 4, 12 (Pa. 2012).

_____

[2] The PCRA court noted in its opinion that,

> [o]n September 12, 2023, in apparent response to the September 1, 2023 dismissal of his previous PCRA [p]etition, [Cox] filed a document entitled, "Appeal Notice[,"] requesting a "further extension due to [a ']new fact discovery[.'" T]hereafter, on September 29, 2023, [Cox] filed a document entitled[,] "Motion to Supplement Pending PCRA Petition Providing Newly Discovered Fact and Governmental Interference[."] This [c]ourt has reviewed all documents submitted by [Cox], beginning with the filling on September 12, 2023[,] as part of [Cox's] instant serial PCRA submission.

PCRA Court Opinion, 1/3/25, at unnumbered 1 n.1.

On November 8, 2024, the court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Cox's petition without a hearing, stating that it is untimely and meets no timeliness exception.  Cox filed a *pro se* response, but on January 3, 2025, the court issued an order dismissing his petition.  That same day, the court filed an opinion, reiterating that it dismissed Cox's petition because it is untimely.

Cox filed a timely, *pro se* notice of appeal, and he also filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, despite not being ordered to do so by the PCRA court.  Herein, Cox raises four issues for our review.  ***See*** Cox's Brief at 9.  However, in the Argument portion of his brief, Cox presents different issues and sub-issues than those set forth in his Statement of the Questions Presented.  Before we can attempt to address any of Cox's disjointed and nearly incomprehensible claims, we must begin by addressing the timeliness of his fourth petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition.  ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007).  Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the

date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, section 9545(b)(2) requires that any petition attempting to invoke one of these exceptions "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Cox's judgment of sentence became final in 1998, and thus, his petition filed in 2023 is clearly untimely. For this Court to have jurisdiction to review the merits thereof, Cox must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b). In this regard, it appears that Cox is attempting to invoke the governmental interference and/or newly-discovered-fact exceptions. From what we can glean from Cox's confusing argument, he seems to be alleging that a Commonwealth witness, Wallace Brown, had a deal with the Commonwealth for favorable treatment in exchange for his testimony that was not disclosed to Cox, and which was denied by both Brown and the Commonwealth at the

time of Cox's trial. Cox avers that he first learned of Brown's deal on September 12, 2023, when he "discovered a document of a court proceeding" in the case of **Daniels v. Walsh**, 2013 WL 5049775 (E.D. Pa. Sept. 12, 2013). Cox's Brief at 18. Cox's explanation of how the **Daniels** case relates to, or reveals, Brown's deal with the Commonwealth to testify in Cox's case is not comprehensible. **See id.**[3] Nevertheless, Cox insists that the Commonwealth

---

[3] For instance, Cox states, verbatim:

> In this document there was a factual finding by the Magistrate recommending dismissal. This factual finding was based on the "Commonwealth's Summary" of the petitioner Daniels co-defendant Wallace Brown who would be willing to testify today, based on his prior testimony; Daniels alone shot both victims; considering Brown from that testimony, alone took the stolen items. Brown's. This is Brown's new narrative of the events. The Commonwealth's determination carries the force of fact and law. The denial of Daniels petition was adopted and rendered.

> This new information of a factual finding, unknown to Mr. Cox, was immortalized in Cox's 'Affidavit (28)days later Oct. 10, 2023. What is now revealed was declared in the penalty phase of Mr. Cox's criminal trial, when the jury declared, it could not find a single "aggravated circumstance" to attribute to Mr. Cox, among all the alleged conduct considered. This element of 'vicarious liability' is at issue, by the unconstitutional "knowing use of false evidence" to compulsory transfer against interest absent procedural requirement, coerced, compelled and enforced. 18 USC §§3181-90, AEDPA deference, Treaty. The divestiture, from procedural required process finds no support, irrespective of "false evidence" its bane. The PCRA Court dismissed the petition, concluding that Mr. Cox, petition was untimely and did not meet the exception standard. Insofar as the ruling was contrary to the United States and Pennsylvania law, the PCRA Court must be reversed, in accordance with AEDPA deference divestiture.

Cox's Brief at 18-19.

suppressed this "deal/agreement" with Brown, and then permitted Brown to essentially commit perjury by denying that any deal existed during his testimony at Cox's trial. *See id.* at 22. In sum, Cox claims that the Commonwealth violated *Brady v. Maryland*, 373 US 83 (1963), "by suppressing the nature of its arrangement with Brown and by affirmatively misrepresenting the existence [of the agreement] without correction[.]" *Id.* at 23 (unnecessary capitalization omitted).

Based on our review of the record, Cox's claim does not satisfy a timeliness exception. Notably, in two of his prior PCRA petitions, Cox presented a seemingly identical argument regarding the Commonwealth's alleged suppression of a deal with Brown for favorable treatment in exchange for his testimony. For instance, in his second PCRA petition filed in March of 2017, Cox asserted that he met the governmental interference exception to the PCRA's timeliness requirement because the Commonwealth had intentionally concealed an agreement that it made with Brown in exchange for his testimony, and that both Brown and the Commonwealth had improperly denied the existence of this deal at Cox's trial. *See* PCRA Petition, 3/24/17, at 9. When the PCRA court dismissed Cox's second petition, this Court affirmed on appeal, noting that Cox had raised this same claim for the first time on appeal from the dismissal of his first PCRA petition, and we had deemed it waived based on his failure to raise it before the PCRA court. *See Commonwealth v. Cox*, No. 3570 EDA 2017, unpublished memorandum at 5 (Pa. Super. filed Nov. 5, 2018) (stating that "Cox attempts to invoke the

'governmental interference' exception to the time bar by asserting that … the Commonwealth concealed … a plea agreement with a witness….  However, Cox raised [this] claim[] on appeal from the dismissal of his first PCRA petition and this Court deemed [it] waived for failure to raise [it] in the PCRA court.") (citing **Commonwealth v. Cox**, No. 1005 EDA 2003, unpublished memorandum (Pa. Super. filed Sept. 30, 2008)).  Given this record, we concluded that Cox could not satisfy the requirement of section 9545(b)(2) — which at that time required that a claim be presented within 60 days of when it could have first been raised — because Cox "was aware of the claim[] as early as 2003, when he filed the earlier appeal[,]" yet he did not file his second petition until 2017. **Id.**

The same is true instantly.  Cox is attempting to meet a timeliness exception based on his 'discovery' of the same fact he has asserted twice before: that Brown had a deal with the Commonwealth for favorable treatment in exchange for his testimony.  However, Cox clearly knew about Brown's deal as early as 2003; thus, he cannot satisfy section 9545(b)(2) by raising it in his instant petition filed in 2023.  Moreover, even if the **Daniels** case that Cox recently discovered adds some new, previously unknown information about Brown's deal with the Commonwealth that Cox did not know before, he has not explained what that new information is in an understandable manner.  Cox also does not demonstrate that he could not have discovered the **Daniels** case sooner, in the exercise of due diligence.  That case was issued in 2013, yet Cox did not discover it until 2023.  Problematically, he does not explain

how he discovered the case, or why he could not have done so earlier with the exercise of due diligence. For all of these reasons, Cox's argument fails to satisfy a timeliness exception.

We also do not discern any other claims in Cox's brief that could arguably meet a timeliness exception. From what we can understand, Cox seems to assert claims of judicial bias and jury instruction errors, **see** Cox's Brief at 29-32, as well as arguments that his trial counsel acted ineffectively, **id.** at 33-42. None of these claims meets a timeliness exception, in and of itself, and Cox fails to present any argument coherent enough to demonstrate the applicability of an exception. Therefore, the record supports the PCRA court's decision to dismiss Cox's fourth petition, and we discern no legal error in that decision. **See Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007) ("On appeal from the denial of PCRA relief, our standard of review is whether the findings of the PCRA court are supported by the record and free of legal error.").

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/6/2026